UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CRISTINA HERRERA CERVANTES,<br><br>    Plaintiff,<br><br>-vs-<br><br>LEXIS NEXIS RISK DATA MANAGEMENT, LLC,<br><br>    Defendant. | CASE NO. |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, CRISTINA HERRERA CERVANTES (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendant, LEXIS NEXIS RISK DATA MANAGEMENT, LLC (hereinafter "LexisNexis"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

**PRELIMINARY STATEMENT**

1.   This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.   This is an action alleging LexisNexis violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (FCRA) by producing and selling consumer reports inaccurately reporting as to Plaintiff, and thereby failing to follow policies and

1

procedures to ensure the maximum possible accuracy of the consumer report it produced and sold.

3. The FCRA creates a private right of action against a consumer reporting agency for the negligent, 15 U.S.C. § 1681o, or willful, 15 U.S.C. § 1681n, violation of any duty imposed by the FCRA. *Alexander v. Certegy Check Servs.*, No. 8:16-CV-859-17JSS, 2016 U.S. Dist. LEXIS 180072, at *5 (M.D. Fla. Dec. 29, 2016) (*citing Collins v. Experian Info. Sols., Inc.*, 775 F.3d 1330, 1333 (11th Cir. 2015)).

4. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION, VENUE, AND PARTIES

5. Jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

6. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

7. Venue is proper in this District as the principal address of LexisNexis is in this District; a substantial portion of the violations described in this Complaint occurred in this District; and Defendant transacts business within this District.

8. Plaintiff is a natural person and resident of Washington County in the State of Oregon. She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

9. LexisNexis is a corporation headquartered at 1000 Alderman Drive, Alpharetta, Georgia 30005.

10. LexisNexis is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). LexisNexis is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

11. LexisNexis disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

12. LexisNexis is one of the largest background reporting agencies in the United States today.

13. Recently, while shopping for new automobile insurance, Plaintiff became aware of at least two (2) automobile accidents being reported to Plaintiff's consumer report by LexisNexis.

14. The first accident allegedly occurred on May 7, 2020, and the second accident allegedly occurred on August 18, 2023. Both accidents occurred in Spokane, Washington.

15. On or about October 24, 2023, Plaintiff obtained a copy of her LexisNexis consumer report. Upon review, Plaintiff observed addresses in Washington and Texas which were not hers. Further, there were a total four (4) incident claims. Each claim indicated they were from non-party, Progressive, as to policy number 807323210 which was held by Plaintiff and "Omar Herrera".

16. The first claim was dated October 10, 2018, stated the vehicle involved was a Jetta, indicated Plaintiff was operating the vehicle, and stated the driver's license of the vehicle operator was issued in Washington.

17. The second claim was dated May 4, 2020, stated the vehicle involved was an MDX, indicated Plaintiff was operating the vehicle, and stated the driver's license of the vehicle operator was issued in Washington.

18. The third claim was dated July 29, 2022, stated the vehicle involved was an MDX, indicated Plaintiff was operating the vehicle, and stated the driver's license of the vehicle operator was issued in Washington.

19. The fourth claim was dated August 18, 2023, stated the vehicle involved was a TL, indicated "Omar Herrera" was operating the vehicle, stated the

driver's license of the vehicle operator was issued in Washington, and included an At Fault indicator.

20. Plaintiff has never lived in Washington, does not have a Washington issued driver's license, and was not in Spokane, Washington at the time of the accidents.

21. Plaintiff has never owned or driven either of the above referenced vehicles. Further, Plaintiff does not know and has never known "Omar Herrera".

22. Although Plaintiff was previously insured by Progressive, the policy number of the policy held by Plaintiff was 820278560, and the covered vehicles were a 2012 Ford Truck F140 4wd, 2007 Toyota Camry, and 2013 Nissan Altima.

23. On or about October 30, 2023, Plaintiff mailed a detailed dispute letter to LexisNexis regarding the inaccurate reporting. In the letter, Plaintiff explained she was not involved in any of the accidents listed in her consumer report, in Washington, that she did not have a Washington issued driver's license, and that on the day of the incident she was not in Washington. In the letter, Plaintiff included an image of her driver's license and Social Security card as proof of identity. Plaintiff also included images of her Progressive policy as proof of the vehicles covered, images of the inaccurate reporting, and a copy of her filed Federal Trade Commission Identity Theft Report, report number 165513741.

24. Plaintiff mailed her detailed dispute letter to LexisNexis via USPS Certified Mail, tracking number 7022 3330 0000 6995 0605.

25. On or about November 5, 2023, LexisNexis responded to Plaintiff's detailed dispute letter by stating the reporting of the automobile insurance claim records were verified as accurate.

26. Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud and inaccuracies, LexisNexis refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

27. LexisNexis never attempted to contact Plaintiff during the alleged investigation.

28. As of the filing of this Complaint, LexisNexis continues to report negative and inaccurate information on Plaintiff's consumer report regarding the Progressive automobile insurance claims, and Plaintiff's damages are on-going.

29. LexisNexis has never attempted to contact Plaintiff about her disputes, and she continues to suffer as of the filing of the Complaint with LexisNexis's refusal to conduct a meaningful and thorough investigation into her disputes as it is required to by law or otherwise make her consumer report accurate.

30. LexisNexis clearly does not have policies and procedures in place to ensure the maximum possible accuracy of the consumer reports it publishes.

31. As a result of the actions and/or inactions of LexisNexis, Plaintiff was denied automobile insurance. Specifically, her Progressive policy was cancelled.

32. As a result of the action and/or inaction of LexisNexis, Plaintiff has suffered damages, including, but not limited to:

　　i. Actual damages in wasted time attempting to resolve LexisNexis's error;

　　ii. Denials for automobile insurance;

　　iii. Emotional distress including but not limited to anger, worry, frustration, embarrassment, fear, and sleeplessness. Plaintiff has been physically affected by LexisNexis's misreporting;

　　iv. Apprehensiveness to apply for insurance due to the fear of rejection; and

　　v. Defamation as LexisNexis published inaccurate information to third party entities.

## CAUSES OF ACTION

### COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, LexisNexis Risk Data Management, LLC (Negligent)

33. Plaintiff re-alleges and re-incorporates paragraphs one (1) through thirty-two (32) as if fully stated herein.

34. LexisNexis violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure the maximum possible accuracy in the preparation of the consumer report and consumer files it published and maintains concerning the Plaintiff.

35. LexisNexis allowed for a Furnisher to report inaccurate information to a consumer report.

36. Upon information and belief, LexisNexis prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

37. LexisNexis violated its own policies and procedures by not deleting the inaccurate reporting when Plaintiff provided them with the Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

38. As a direct result of this conduct, action and/or inaction of LexisNexis, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower automobile insurance rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for automobile insurance, and the damages otherwise outlined in this Complaint.

39. The conduct, action, and/or inaction of LexisNexis was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

40. Plaintiff is entitled to recover costs and attorney's fees from LexisNexis in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, CRISTINA HERRERA CERVANTES, respectfully requests that this Court award actual damages against Defendant, LEXIS NEXIS RISK DATA MANAGEMENT, LLC, jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT II
**Violation of 15 U.S.C. § 1681e(b) as to Defendant, LexisNexis Risk Data Management, LLC (Willful)**

41. Plaintiff re-alleges and re-incorporates paragraphs one (1) through thirty-two (32) as if fully stated herein.

42. LexisNexis violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure the maximum possible accuracy in the preparation of the consumer report and consumer files it published and maintains concerning the Plaintiff.

43. LexisNexis allowed for a Furnisher to report inaccurate information to a consumer report.

44. Upon information and belief, LexisNexis prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

45. LexisNexis violated its own policies and procedures by not deleting the inaccurate reporting when Plaintiff provided them with the Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

46. As a direct result of this conduct, action and/or inaction of LexisNexis, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower automobile insurance rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for automobile insurance, and the damages otherwise outlined in this Complaint.

47. The conduct, action, and/or inaction of LexisNexis was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

48. Plaintiff is entitled to recover costs and attorney's fees from LexisNexis in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, CRISTINA HERRERA CERVANTES, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, LEXIS NEXIS RISK DATA MANAGEMENT, LLC, jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT III
### Violation of 15 U.S.C. § 1681i as to
### Defendant, LexisNexis Risk Data Management, LLC (Negligent)

49. Plaintiff re-alleges and re-incorporates paragraphs one (1) through thirty-two (32) as if fully stated herein.

50. After receiving Plaintiff's disputes, LexisNexis violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's consumer file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's consumer file, and/or (4) relying upon verification from a source it has to know is unreliable.

51. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, LexisNexis refused to conduct

any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

52. As a direct result of this conduct, action and/or inaction of LexisNexis, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower automobile insurance rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for automobile insurance, and the damages otherwise outlined in this Complaint.

53. The conduct, action, and/or inaction of LexisNexis was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

54. Plaintiff is entitled to recover costs and attorney's fees from LexisNexis in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, CRISTINA HERRERA CERVANTES, respectfully requests that this Court award actual damages against Defendant, LEXIS NEXIS RISK DATA MANAGEMENT, LLC, jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT IV
**Violation of 15 U.S.C. § 1681i as to Defendant, LexisNexis Risk Data Management, LLC (Willful)**

55. Plaintiff re-alleges and re-incorporates paragraphs one (1) through thirty-two (32) as if fully stated herein.

56. After receiving Plaintiff's disputes, LexisNexis violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's consumer file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's consumer file, and/or (4) relying upon verification from a source it has to know is unreliable.

57. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, LexisNexis refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

58. As a direct result of this conduct, action and/or inaction of LexisNexis, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower automobile insurance rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for automobile insurance, and the damages otherwise outlined in this Complaint.

59. The conduct, action, and/or inaction of LexisNexis was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

60. Plaintiff is entitled to recover costs and attorney's fees from LexisNexis in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, CRISTINA HERRERA CERVANTES, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, LEXIS NEXIS RISK DATA MANAGEMENT, LLC, jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CRISTINA HERRERA CERVANTES, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendant, LEXIS NEXIS RISK DATA MANAGEMENT, LLC, jointly and severally; attorneys' fees and costs;

prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 30th day of November 2023.

> Respectfully submitted,
>
> **/s/ *Octavio Gomez***
> Octavio "Tav" Gomez, Esq.
> Florida Bar #: 0338620
> Georgia Bar #: 617963
> Pennsylvania Bar #: 325066
> The Consumer Lawyers PLLC
> 412 E. Madison St. Ste 916
> Tampa, Florida 33602
> Cell: (813) 299-8537
> Facsimile: (844) 951-3933
> Primary Email:
> Tav@theconsumerlawyers.com
> Secondary Email:
> Lisa@theconsumerlawyers.com
> *Attorney for Plaintiff*